NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NOEL ADAN VILLALOBOS, et al., *Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0407
FILED 3-7-2023

Appeal from the Superior Court in Maricopa County
No. CV2017-012638
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

The Leader Law Firm, Tucson
By John P. Leader
*Co-Counsel for Plaintiffs/Appellants*

Chapa Law Group, P.C., Phoenix
By Miguel J. Chapa
*Co-Counsel for Plaintiffs/Appellants*

Maricopa County Attorney's Office, Phoenix
By Charles E. Trullinger, III, Joseph J. Branco, Sean M. Moore
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

---

**C R U Z**, Judge:

¶1 Noel Adan Villalobos, Adan Villalobos, Rosalva Rascon, and Jose Luis Rodriguez (collectively "Plaintiffs") challenge the superior court's grant of summary judgment to Maricopa County ("the County"). We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 This case arises from an October 2016 automobile accident that resulted in the death of Nuvia Villalobos and serious injury to her minor child. The accident occurred in the intersection of Broadway Road and 71st Avenue/Sienna Vista Avenue. At that intersection, the County maintains Broadway Road and the City of Phoenix ("the City") maintains the area north of Broadway Road, including Sienna Vista Avenue. Nuvia, approaching Broadway Road from the north on Sienna Vista Avenue, tried to turn left onto Broadway Road and collided with a school bus.

¶3 Plaintiffs sued the County, the City, and two parties not relevant to this appeal alleging the intersection was not reasonably safe for travel. Plaintiffs identified three alleged safety concerns at or near the intersection: (1) a misplaced stop sign on Sienna Vista Avenue north of the intersection; (2) the lack of a stop line or stop bar closer to Broadway Road on the north side of the intersection; and (3) sight obstruction caused by a Salt River Project utility pole on the northeast corner of the intersection.

¶4 The County moved for summary judgment, contending in relevant part that it owed no duty of care because none of the three alleged safety concerns were within its jurisdiction. The City moved for summary judgment on other grounds.

2

¶5　　　　The superior court granted the County's motion, finding that Plaintiffs "ha[d] not come forward with evidence to support a finding that Maricopa County owed a legal duty as to the placement of the stop sign or stop line or for motorists on southbound 71st Avenue." It denied the City's motion, finding genuine issues of material fact remained as to its potential liability. The City filed a special action petition challenging both rulings. We declined to exercise special action jurisdiction, and the Arizona Supreme Court declined review.

¶6　　　　Upon returning to the superior court, the City moved to bifurcate trial, which the superior court granted. Several months later, Plaintiffs settled their claims against the City. The court then entered a final judgment under Arizona Rule of Civil Procedure ("Rule") 54(c) for the County. Plaintiffs filed a timely notice of appeal challenging the grant of summary judgment to the County and the bifurcation order. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

¶7　　　　Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Rule 56(a). We review a grant of summary judgment de novo and view the evidence and reasonable inferences in a light most favorable to the non-moving parties; here, Plaintiffs. *Zambrano v. M & RC II LLC*, 254 Ariz. 53, 58, ¶ 9 (2022).

¶8　　　　To establish a negligence claim against the County, Plaintiffs must prove four elements: (1) a duty requiring the County to conform to a certain standard of care; (2) the County's breach of that standard; (3) a causal connection between the County's conduct and the resulting injury; and (4) actual damages. *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563-64, ¶ 7 (2018).

¶9　　　　The superior court determined the County owed no duty of care in this case. The County concedes on appeal that it owes a duty to keep its roads reasonably safe for travel. *See Dunham v. Pima County*, 161 Ariz. 304, 306 (1989); *see also* A.R.S. § 11-251(4) (granting county boards of supervisors the power to "[l]ay out, maintain, control and manage public roads"). And while Plaintiffs concede on appeal the three safety concerns they identified "may not have been on a roadway for which Maricopa County was responsible," they contend the County's duty extends to "motorists . . . turning into Maricopa County's roadways from other jurisdictions." *See Coburn v. City of Tucson*, 143 Ariz. 50, 52 (1984) (stating

that the duty to maintain reasonably safe roads extends to "those who use the public streets"). The County, on the other hand, contends its duty does not include "inspect[ing] and tak[ing] action to correct . . . roadway defects on adjoining roads owned and maintained by other entities."

¶10 We need not decide whether the County had any duty to correct defects on adjoining roads because Plaintiffs presented no evidence establishing the County failed to meet the standard of care. Whether a defendant breached the standard of care generally is for the trier of fact to resolve, *Ritchie v. Krasner*, 221 Ariz. 288, 295, ¶ 11 (App. 2009), but summary judgment can be granted if "no reasonable juror could conclude that the standard of care was breached." *Sanders v. Alger*, 242 Ariz. 246, 251, ¶ 24 (2017) (citation and internal quotation marks omitted); *see also Rudolph v. Ariz. B.A.S.S. Fed'n*, 182 Ariz. 622, 626 (App. 1995) (Court of Appeals can affirm summary judgment when superior court errs in granting summary judgment based on lack of duty "if there is no evidence that defendants breached their duty.").

¶11 As discussed above, Plaintiffs presented evidence that the City placed a stop sign too far from Broadway Road and did not place a "stop line/bar directing vehicles where to safely stop," both of which Plaintiffs contend "violated a host of applicable roadway engineering standards" and caused or contributed to the accident. Plaintiffs also presented evidence suggesting that the utility pole on the northeast corner "significantly hinder[ed] southbound . . . motorists from seeing westbound traffic on Broadway." They conceded, however, that the stop sign, missing stop line, and utility pole "are within City . . . jurisdiction." Moreover, their expert acknowledged the County's only connection to this accident was that it happened on Broadway Road.

¶12 Plaintiffs nonetheless contend the County can be held liable because it "was on notice—based on prior crashes at this intersection and another nearby similar intersection . . . about the unreasonably dangerous condition of the intersectional area[.]" But their expert admitted the prior accidents he contended had "similar dynamics" merely involved "southbound vehicles on 71st Ave. [Sienna Vista Avenue], turning left on to W. Broadway, when impact occurred with another vehicle." Plaintiffs' expert's deposition testimony was that only two of those accidents occurred prior to the Villalobos' accident and neither involved the motorist's view being obstructed due to a utility pole.

¶13 Plaintiffs also contend the County "was obligated to make reasonable efforts to correct the defect[s]." But they did not identify any

specific efforts the County should have undertaken; their expert instead speculated that the City "likely would have consented and cooperated" had the County approached it and "expressed a desire to correct the hazardous conditions." Plaintiffs expanded on that speculation in their opening brief:

> [T]here are any number of measures Maricopa County could have taken to fulfill its standard of care, including: (1) vigorously requesting and, as needed, demanding that the City make changes to the stop-sign placement and install a stop line/bar in the proper location, (2) providing some type of warning to westbound motorists on Broadway Road as they approached the intersection, (3) placing a traffic light and warning lights in the jurisdictional area of the intersection that Maricopa County controlled, and (4) even suing to have the conditions on the City property declared a public nuisance and judicially forcing the necessary remedial action.

But they cite no record evidence or legal authority showing the applicable standard of care required the County to do any of these things. *See* Rule 56(e) (stating that a party opposing summary judgment "must . . . set forth specific facts showing a genuine issue for trial"); *Rogers v. Retrum*, 170 Ariz. 399, 403 (App. 1991) ("A jury will not be permitted to require a party to take a precaution that is clearly unreasonable.") (citation omitted).

**¶14** For these reasons, we conclude the superior court did not err in granting summary judgment to the County. As the County is the only remaining defendant, we need not address Plaintiffs' challenges to the superior court's trial bifurcation order.

## CONCLUSION

**¶15** We affirm. The County may recover its taxable costs incurred in this appeal upon compliance with ARCAP 21.

